18-1416
*Murrillo v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*,

───────────────────────────────────────────

ARTHUR DAREN MARLON MURRILLO, AKA
ARTHUR MURRILLO, AKA EWARTH SMITH, AKA
EWORTH SMITH, AKA MICHAEL GREGG BAIN, AKA
BRIAN BROWN,

> *Petitioner*,

> v.                                                           18-1416

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,

> *Respondent*.

───────────────────────────────────────────

For Petitioner:                          ALYSSA M. HASBROUCK, (Eamon P. Joyce, *on the brief*)
                                         Sidley Austin LLP, New York, NY (Estelle M. McKee,
                                         Asylum and Convention Against Torture Appellate
                                         Clinic, Cornell Law School, Ithaca, NY *on the brief*)

1

For Plaintiff-Appellee:    ZOE J. HELLER, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice (Joseph H. Hunt, Assistant Attorney General, Civil Division, Derek C. Julius, Assistant Director, Office of Immigration Litigation *on the brief*), Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Arthur Daren Marlon Murrillo, a native and citizen of Belize, seeks review of an April 13, 2018, decision of the Board of Immigration Appeals ("BIA") affirming an October 30, 2017, decision of an Immigration Judge ("IJ") denying protection under the Convention Against Torture ("CAT"). *In re Arthur Daren Marlon Murrillo,* No. A088 443 725 (B.I.A. Apr. 13, 2018), *aff'g* No. A088 443 725 (Immig. Ct. Fishkill Oct. 30, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Our jurisdiction is limited to constitutional claims and questions of law because Murrillo is removable for having been convicted of a firearm offense. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 91 (2d Cir. 2015). Murrillo's argument that the agency applied an incorrect legal standard in denying protection under the CAT raises a question of law over which we have jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We consider that argument *de novo*. *See Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

To be eligible for CAT relief, an applicant is required to show that he would more likely than not be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.17(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). "[I]n order to constitute torture, an act must be specifically intended to inflict severe pain and suffering."

2

*Pierre*, 502 F.3d at 119–20. "A private actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Id.* at 118 (emphasis omitted); *Khouzam*, 361 F.3d at 171 ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."). "Where a government contains officials that would be complicit in torture, and that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent the torture . . . [is] neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010) (internal quotation marks omitted).

The IJ applied the correct standard in this case. While the IJ did use the word "intentionally" at one point in the opinion, the section of the opinion dealing with CAT deferral opens by stating that "the respondent ha[s] failed to show that the torture he fears would be . . . with the consent or acquiescence of government officials" and noting the "willfully blind" standard which governs the claim. C.A.R. at 92. The IJ went on to specifically cite the governing *Khouzam* test, C.A.R. at 90 (citing *Khouzam*, 361 F.3d at 171), to make clear analogies to relevant case law applying the willful blindness test, C.A.R. at 94 (citing *Pierre*, 502 F.3d 109), and to conclude the CAT deferral analysis by stating that the "respondent in this case has failed to demonstrate that the harm he fears would be directly done at the hands of the Belize government or with the government's implicit or explicit permission, cooperation, *acquiescence, or willful blindness*," C.A.R. at 94 (emphasis added). Given the extensive invocation and application of

3

the correct legal standard evidenced by this section, the IJ's off-hand use of the word "intentionally" in one sentence when discussing Murillo's claim is insufficient grounds to conclude that the IJ applied the incorrect standard here.

Because we determine that the IJ applied the correct standard, we need not reach the question of whether Murillo's conviction constitutes an aggravated felony crime of violence. As stated above, the IJ correctly found that Murillo was not "more likely than not" to suffer torture if returned to Belize under 8 C.F.R. § 1208.16(c)(3). Even if we were to determine that his crime was not "particularly serious" under 8 C.F.R. § 1208.16(d)(2), which provides that a non-citizen convicted of a "particularly serious crime" is ineligible for withholding under the CAT, because Murillo failed to meet the threshold requirement regarding likelihood of torture, he is not eligible for either deferral or withholding of removal under the CAT. *See* 8 C.F.R. § 1208.16(c)(3) (stating that "[t]he burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); 8 C.F.R. § 1208.17(a) (stating that for an alien to be eligible for deferral of removal under the CAT, they must "ha[ve] been found under § 1208.16(c)(3) to be entitled to protection under the Convention Against Torture").

We have considered Murillo's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4